

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CHARLES ANDERSON, Individually
and on Behalf of a Class of All Similarly
Situated Persons

        Plaintiffs,

        v.

HOLY SEE, a foreign sovereign; THE
CATHOLIC BISHOP OF CHICAGO, a
corporation sole, individually, and on behalf
of all other Roman Catholic Archdioceses,
Dioceses, Exarchates and/or Eparchies, as
Agents of the Holy See and Necessary
Parties Herein, in the United States of
America, the District of Columbia, and Its
Territories and Protectorates within the
U.S. Commonwealth,

        Defendants.

)    No. 11 C 7188

)    Judge Ruben Castillo

## MEMORANDUM OPINION AND ORDER

Charles Anderson, individually and on behalf of a putative class, brings this action against the Holy See, the Catholic Bishop of Chicago ("Bishop") and all administrative units of the Roman Catholic Church ("Church") in the United States, alleging that he was sexually abused by priests and other employees of the Church in the 1950s and 1960s. (R. 1, Compl.) Anderson now moves for the Court to reconsider its July 19, 2012 memorandum opinion and order dismissing Anderson's complaint against the Bishop as time-barred. (R. 45, Pl.'s Rule 59 Mot.; R. 46, Pl.'s Rule 60 Mot.)

### PROCEDURAL HISTORY

On October 11, 2011, Anderson filed a five-count putative class action complaint alleging that he was a victim of sexual abuse by priests and other employees of the Church when he was a child. (R. 1, Compl.) A description of the claims therein and the facts giving rise to the complaint are fully described in the Court's previous opinion. *Anderson v. Holy See*, 878 F. Supp. 2d 923, 928-29 (N.D. Ill. 2012). The Court assumes familiarity with those facts. On February 17, 2012, the Bishop filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, Rule 8(a). (R. 18, Def.'s Mot.) This Court granted the Bishop's motion on Rule 12(b)(6) grounds and dismissed all claims against the Bishop with prejudice on July 19, 2012. (R. 39, Min. Entry; R. 40, Mem. Op. & Order.) On July 23, 2012, the Court also dismissed the remaining defendant, Holy See, without prejudice for want of valid service. (R. 41, Min. Entry.)

On August 16, 2012, Anderson filed a motion to alter or amend the July 19th Memorandum Opinion and Order pursuant to Rule 59(e) or (d), (R. 45, Pl.'s Rule 59 Mot.), and a motion for relief pursuant to Rule 60(b)(1) or (b)(2), (R. 46, Pl.'s Rule 60 Mot.). In his motions to reconsider, Anderson argues that the waiver and various estoppel theories he put forth in the Complaint are mixed questions of law and fact, and thus the Court's dismissal was premature. (R. 45, Pl.'s Rule 59 Mot. ¶ 5.) Anderson additionally attempts to submit "newly discovered" evidence for the Court's consideration. (R. 46, Pl.'s Rule 60 Mot. ¶¶ 5, 6.) Alternatively, Anderson seeks leave to file an amended Count I of his complaint. (*Id.* ¶ 8.2.)

## LEGAL STANDARD

A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. *Talano v. NW. Med. Faculty Found.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). Thus, a motion that seeks to challenge the merits of a ruling by a district court will automatically be considered as

having been filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) ("Though the plaintiffs did not file their motion to reconsider pursuant to any one of the Federal Rules of Civil Procedure, the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b).") (internal quotation marks omitted). When determining whether a motion to reconsider comes under Rule 59 or Rule 60, the substance of the motion rather than the form is determinative. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Motions for reconsideration under either Rule 59 or Rule 60 are not appropriate vehicles for relitigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). "Once judgment has been entered, there is a presumption that the case is finished, and the burden is on the party who wants to upset that judgment to show the court that there is good reason to set it aside." *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009). Whether to grant a motion to reconsider is a matter squarely within the Court's discretion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Rule 59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion to alter or amend a judgment pursuant to Rule 59(e) "is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000)

(internal quotation marks omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Id.* To succeed on a Rule 59(e) motion, "the movant must 'clearly establish' one of the aforementioned grounds for relief." *Harrington*, 433 F.3d at 546 (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). Furthermore, motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

By contrast, Rule 60(b) is designed to address mistakes attributable to special circumstances, not to address erroneous applications of law. *Russell*, 51 F.3d at 749. Accordingly, under Rule 60(b), a court may relieve a party from a final judgment or order based on, among other reasons, mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1), or newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial, Fed. R. Civ. P. 60(b)(2). Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997)).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In ruling on a motion to dismiss, the Court construes the complaint "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences in her favor." *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the

4

claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level[.]'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "Plausibility" in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* In other words, "the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

A plaintiff's failure to timely file a complaint under the governing statute of limitations is an affirmative defense; as such, it need not be anticipated by the complaint in order to survive a motion to dismiss. *Indep. Trust Corp. v. Stewart Inf. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). However, when a complaint sets forth "everything necessary to satisfy the affirmative defense" and plainly reveals that an action is untimely, dismissal under Rule 12(b)(6) is appropriate. *Id.* (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)); *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010) (citations omitted) ("[I]f it is plain from the complaint that the [statute of limitations] defense is indeed a bar to the suit dismissal is proper without further pleading."). When reviewing a motion to dismiss a claim based on a state statute of limitations, courts look to state law regarding the statute of limitations and apply any state rules such as equitable estoppel that are an "integral part" of that law. *Indep. Trust Corp.*, 665 F.3d at 935 (citing *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010)).

**ANALYSIS**

## I. Whether the Court committed a manifest error of law

Anderson first asks the Court to reconsider its prior opinion on the basis that it committed a manifest error of law in finding that the 1991 Illinois statute of repose, 735 Ill. Comp. Stat. 5/13-202.2 (1992), barred Anderson's claims.[1] Anderson argues that the waiver and estoppel theories he set forth in the complaint, which the Court rejected, are mixed questions of law and fact that he is entitled to attempt to prove. (R. 45, Pl.'s Rule 59 Mot. ¶ 5.) Anderson also argues that his allegation that the Catholic Church has settled "numerous time-barred claims of sexual abuse" is well-pleaded and thus must be accepted as true at this stage of the litigation. (*Id.* ¶ 7.) Accordingly, Anderson takes issue with the Court's finding that the Bishop was not estopped from invoking the statute of repose. (*Id.*) Specifically, he argues that he was not required to "point to a single case or allege a scenario in which the Bishop has prevailed after taking the position before a court . . . that the statute of repose does not apply or that it has waived its right to raise it." (*Id.*) (quoting *Anderson*, 878 F. Supp. 2d at 937). Anderson argues that he did in fact allege that the Chicago Archdiocese has settled 16 claims since 2002. (*Id.*) (quoting R. 1, Compl. ¶ 53C(vii)). He contends that if the Court draws all reasonable inferences in his favor, it must necessarily "presume that one or more of these settled, stale claims had been filed as a sex abuse lawsuit in which the Bishop had interposed a statute of limitations or statute of repose defense and then waived or abandoned it." (*Id.* ¶ 10.) Anderson thus concludes that the Court is required "to accept as true plaintiff's waiver, promissory estoppel, judicial estoppel and estoppel

---

[1] Alternatively, Anderson argues that counsel's strategic decision to "initially plead[ ] his claim as ostensibly time-barred" constitutes excusable neglect under Rule 60(b)(1). (R. 56, Pl.'s Rule 60 Reply at 3.) The Court need not address the merits of this argument as Anderson waived it by raising it for the first time in his reply brief. *See Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Because Volvo raised the applicability of the Maine statute in its reply brief, the district court was entitled to find that Volvo waived the issue."); *Fernandes v. JPMorgan Chase Bank, N.A.*, 818 F. Supp. 2d 1086, 1094 n.3 (N.D. Ill. 2011).

by election theories and allegations, and order that discovery be taken on the class allegations."[2] (*Id.* ¶ 8.)

In his complaint, Anderson pleaded that during the 1950s and 1960s, when he was a minor, Church employees sexually abused him. (R. 1, Compl. ¶¶ 63-73.) In its prior opinion, the Court determined that Anderson pleaded facts that made it apparent that his claims were barred by the statute of repose. *Anderson*, 878 F. Supp. 2d at 932. Whether a childhood abuse claim was timely filed "may be determined as a matter of law . . . when the answer is clear from the pleadings." *Clay v. Kuhl*, 727 N.E.2d 217, 221 (Ill. 2000) (internal citations omitted) (holding that the allegations within the complaint "make it clear that the plaintiff had sufficient information about her injury and its cause to require her to bring suit long before the date of discovery alleged in the complaint"). As the Court explained fully in its prior opinion, the 1991 Illinois statute of repose "effectively barred anyone over the age of 30 from bringing an action for damages for personal injury based on childhood sexual abuse." *Anderson*, 878 F. Supp. 2d at 932 (quoting *M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997)); *see also* 735 Ill. Comp. Stat. 5/13-202.2(b) (1992). Anderson, who was born in 1951, does not dispute that the 1991 Illinois statute of repose bars his claims. (*See* R. 1, Compl. ¶¶ 1, 5.)

Although plaintiffs generally are not required to plead around affirmative defenses, "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Tamayo*, 526 F.3d at 1086; *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Here, Anderson "by the allegations of his complaint erected the limitation bar and it was his duty in order to extricate himself therefrom to plead any exceptions upon which he relied." *See*

---

[2] Anderson appears to make these arguments in support of his motion to reconsider due to a manifest error of law, (R. 45, Pl.'s Rule 59 Mot. ¶¶ 9-10), as well as his motion for relief due to mistake pursuant to Rule 60(b)(1), (R. 46, Pl.'s Rule 60 Mot. ¶¶ 1, 4).

*Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir. 1954); *accord Sommer v. United Sav. Life Ins. Co.*, 471 N.E.2d 606, 615 (Ill. App. Ct. 2d Dist. 1984) ("When a defendant raises the statute of limitations in a motion to dismiss, it becomes incumbent upon the plaintiff to set forth facts sufficient to avoid the statute of limitations."); *see also Lissner v. Michael Reese Hosp. & Med. Ctr.*, 537 N.E.2d 1002, 1008 (Ill. App. Ct. 1st Dist. 1989) (affirming the dismissal of a complaint as time-barred, despite plaintiff's allegation that defendant was equitably estopped from invoking the statute of limitations, because "resolution of the equitable estoppel issue also [could] be made by looking to the face of the complaint and the exhibits attached to the complaint"). Although Anderson argues that his tolling theories are "mixed questions of law and fact," he did not set forth any facts, either in his complaint or in his response to the Bishop's motion to dismiss, that are in dispute or that justify tolling the statute of repose. *See Anderson*, 878 F. Supp. 2d at 938 n.8.

Anderson's allegation that the Catholic Bishop is judicially estopped from asserting the statute of repose against him because the Catholic Church has previously settled certain time-barred claims is an unsupported conclusory statement of law. "Such statements—and their unwarranted inferences—are not sufficient to defeat a motion to dismiss for failure to state a claim." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Anderson correctly argues that the Court should determine whether he sufficiently alleged facts that established the Bishop's estoppel or waiver of the statue of repose, (R. 54, Pl.'s Rule 59 Reply at 3), and the Court has already decided that he did not, *see Anderson*, 878 F. Supp. 2d at 935-38. As the Court explained in its prior opinion, Anderson failed to allege that the Bishop misrepresented or concealed material facts such that equitable estoppel is appropriate, or that it has taken inconsistent positions with regards to the statute of repose in prior actions, or that it has expressly

waived its right to invoke the statute of repose in this action. *Id.* at 935-37. Those are simple factual assertions that Anderson was required—and failed—to allege in order to overcome the statute of repose. *See Kincheloe*, 214 F.2d at 605; *Sommer*, 471 N.E.2d at 615.

Anderson additionally argues that his "individual claim *must* appear to be time barred" because of the large putative class he intends to represent. (R. 45, Pl.'s Rule 59 Mot. ¶ 6.) Although Anderson fails to provide the Court with any case law or analysis to assist it with understanding the basis of this claim, he appears to be attempting to exploit Rule 23(a)(4) to avoid the statute of repose. (*See* R. 56, Pl.'s Rule 60 Reply at 2) ("[Anderson]'s apparently time-barred sex abuse claim as alleged in Count I is *necessary* to support both [his] own individual claim and also to qualify [him] as a fair and adequate plaintiff class representative").[3]

Anderson's reliance on Rule 23 is misplaced. "Inherent in Rule 23 is the requirement that the class representatives be members of the class." *Great Rivers Co-op. v. Farmland Indus.*, 120 F.3d 893, 899 (8th Cir. 1997); *see also Piazza v. Ebsco Indus.*, 273 F.3d 1341, 1347 (11th Cir. 2001) ("Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class."); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 1761 (3d ed. 2012). Anderson's alleged class claims do not shield him from the applicable statute of repose. *See*

---

[3] Alternatively, Anderson argues for the first time in his Rebuttal brief that the Court should not have dismissed Count I of his complaint before ruling on his class allegations. (R. 68, Pl.'s Rule 59 Rebuttal at 1-2.) Anderson contends that Rule 23(c)(1)(A) and Seventh Circuit precedent in *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007), instruct that district courts should address class certification before addressing a motion directed at the merits. First, the Court deems this argument waived because Anderson failed to raise it in his opening brief and instead raised it for the first time in his rebuttal. *See Cromeens*, 349 F.3d at 389. Second, the Court notes the distinction between *Bertrand* and the present case. In *Bertrand*, the plaintiff had filed a motion for class certification before the district court judge ruled on the merits. *See* 495 F.3d at 454-55. Here, Anderson failed to move for class certification before the Court entered a judgment and now, in his second reply brief supporting his motion to reconsider, asks the Court to consider whether it made a manifest error of law by not certifying a class.

*Robinson v. Sheriff of Cook Cnty.*, 167 F.3d 1155, 1157-58 (7th Cir. 1999) ("The point is not that a plaintiff is disqualified as class representative if he *may* fail to prove his case or if the defendant *may* have good defenses. . . . But if his claim is a *clear* loser at the time he asks to be made class representative, then approving him as class representative can only hurt the class."). If a member of the putative class can raise claims that are not time-barred, he or she might be a fair and adequate class representative. Anderson, however, is not—his claims are clearly time-barred, and he fails to establish that the Court has committed a manifest error of law in so determining.

## II.     Whether Anderson has submitted newly discovered evidence

Anderson next submits purported "newly discovered evidence of the Bishop's waiver, promissory estoppel, judicial estoppel, and estoppel by election" for the Court to consider pursuant to Rule 60(b)(2).  (R. 46, Pl.'s Rule 60 Mot. ¶ 5.)  This "evidence" consists of anecdotes and articles derived from the websites www.bishop-accountability.org and www.xxxhisway.com[4] reporting that the Chicago Archdiocese has settled various abuse claims. (*Id.*; R. 46, Pl.'s Rule 60 Mot., Ex. D-1.)  After the Court granted Anderson leave to file supplemental exhibits to his Rule 60 motion, (R. 51, Min. Entry), Anderson submitted an annotated version of the January 30, 2008 deposition testimony of Cardinal Francis E. George, printed from the website www.bishop-accountability.org.  (R. 49, Pl.'s Supp. Exs., Ex. B.) Anderson also submitted his own affidavit relaying the reasons why he did not think it necessary to bring this action before October 2011.  (R. 49, Pl.'s Supp. Exs., Ex. A.)

---

[4] Despite the Court's initial hesitance to visit a website with such a questionable url address, the Court found the website, entitled "SEX ADDICTS IN THE NEWS: POLITICIANS, PRIESTS, PREACHERS, CLERGY, MAKING SEX ADDICT NEWS AROUND THE WORLD," to be a collection of articles and anecdotes about famous men—mostly political and religious leaders— who have garnered media attention for their sexual crimes or activities. *See* Synthia Esther, *Welcome*, http://www.xxxhisway.com (last visited March 18, 2013).

Evidence is deemed to be "newly discovered evidence" for the purposes of Rule 60(b)(2) when *all* of the following are met: (1) the evidence was discovered following the Court's judgment; (2) due diligence to discover the evidence before the Court's judgment is shown or may be inferred; (3) the evidence is not merely cumulative; (4) the evidence is material; and (5) the evidence would probably produce a different outcome. *Matter of Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996). Anderson's evidence does not meet these criteria. Anderson does not allege—and the Court cannot infer—that he exercised due diligence to discover the evidence prior to filing his complaint; indeed all of the evidence he provides could have been submitted with his original complaint. He does not allege that the January 30, 2008 deposition of Cardinal George is newly available,[5] or that either of the websites has recently been launched. Furthermore, Anderson's affidavit does not provide any information that was unavailable at the time he filed his original complaint. (*See* R. 49, Pl.'s Supp. Exs., Ex. A.) Motions to reconsider may not be used to introduce evidence that could and should have been presented before judgment was rendered. *Obriecht*, 517 F.3d at 494. Because all of Anderson's "new" evidence could have been presented prior to the Court's judgment, the Court declines to grant Anderson's motion to reconsider on the basis of his "new" evidence.

In a final attempt to obtain a different outcome, Anderson directs the Court to a "new" Illinois law, which went into effect on January 1, 2008. (R. 74, Pl.'s Supp. Rule 59 Rebuttal at 1-2) (citing 735 Ill. Comp. Stat. 5/13-202.3). The law suspends the limitation period that applies

---

[5] In fact, the Chicago Archdiocese made Cardinal George's deposition widely available on August 12, 2008. *See The Deposition of Francis Cardinal George*, Chicago Archdiocese (Aug. 12, 2008), http://www.archchicago.org/c_s_abuse/deposition081208/statement.htm (last visited Mar. 14, 2013); *see also* Margaret Ramirez & Manya A. Brachear, *Release of Cardinal George's Deposition Revealing*, CHICAGO TRIBUNE (Aug. 16, 2008), http://www.chicagotribune.com/news/local/chi-cardinal-george-abuseaug17,0,3082885.story (reporting the availability of the deposition).

to bar Anderson's claims "during a time period when the person injured is subject to threats, intimidation, manipulation, or fraud." 735 Ill. Comp. Stat. 5/13-202.3. Having been in effect since 2008, this law is certainly not new within the meaning of Rule 60(b)(2). Even if it were new, the exception does not help Anderson because it only applies "to causes of action for which the limitation period has not yet expired." 735 Ill. Comp. Stat. 5/13-202.3. The limitation period on Anderson's claims has expired, as explained thoroughly in this Court's prior opinion.

### III.    Anderson's request to file an amended complaint

Finally, Anderson seeks leave to file a First Amended Count I of the Complaint. (R. 46, Pl.'s Rule 60 Mot. ¶ 8.2.) He makes this request pursuant to Rule 60(b) initially, but in a later pleading refers to his Rule 15 "absolute right" to amend his complaint once as a matter of course. (R. 54, Pl.'s Rule 59 Reply at 2.) In support of his request, Anderson relies on the following passage from *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010):

> a plaintiff may amend his pleading once as a matter of course, but any additional amendments may be made only with the opposing party's consent or by leave of court. Fed. R. Civ. P. 15(a). If the plaintiff wants to amend his complaint following the entry of judgment, however, he may do so only after a motion under Rule 59(e) or 60(b) has been granted.

(R. 54, Pl.'s Rule 59 Reply at 2.) Anderson, relying on *Abcarian*, insists that the Court made a mistake within the meaning of Rule 60(b)(1) by failing to allow him to file one amended complaint. (R. 56, Pl.'s Rule 60 Reply at 1-2.) As an initial matter, the Court notes that Rule 60(b)(1) is not the appropriate vehicle for arguing that the Court committed a mistake of law; Rule 59(e) is. *Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc.*, 305 F. App'x 291, 294 (7th Cir. 2008). The Court therefore treats Anderson's argument as though it were made under Rule 59(e). *See Obriecht*, 517 F.3d at 493.

Anderson only sought leave to file an amended complaint in his Rule 60 motion for relief, (R. 46, Pl.'s Rule 60 Mot.), which was necessarily filed after the Court's entry of final judgment. *See* Fed. R. Civ. P. 60(b). "It is well-settled that after a final judgment, a plaintiff may amend a complaint under [Rule] 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992). In the instant case, the Court's judgment dismissing the Chicago Bishop from the suit was final. *See Anderson*, 878 F. Supp. 2d at 938.

Once a final judgment has been entered, and a plaintiff's right to amend once as a matter of course is extinguished, the party must instead file a Rule 59(e) motion and, "if it believes that the deficiencies the court has identified can be cured through an amended complaint, it must proffer that document to the court in support of its motion." *Fannon v. Guidant Corp.*, 583 F.3d 995, 1002 (7th Cir. 2009) (internal citations omitted). "Even if the party does this, it has a hard row to hoe, because normally Rule 59(e) motions may not be used to cure defects that could have been addressed earlier. The party must instead point either to an error of law or to newly discovered evidence." *Id.*

Anderson contends that he "has re-pleaded an Amended Count I of the Complaint alleging tolling of the limitations/repose period." (R. 56, Pl.'s Rule 60 Reply at 3.) The proposed amendment incorporates Count I of Anderson's original complaint and adds six new paragraphs. (R. 46, Pl.'s Rule 60 Mot., Ex. C, Proposed Am. Compl.) Based on the Court's review, none of the proposed additional paragraphs allege any facts or case law that indicate that the statute of repose should be tolled. Most significantly, Anderson alleges that "[t]he applicable statutes of limitations are tolled because THE HOLY SEE and others fraudulently concealed Father Windham's exploitation and misconduct from plaintiff ANDERSON, his family, law

enforcement, and other Catholics." (R. 46, Pl.'s Rule 60 Mot., Ex. C, Proposed Am. Compl. ¶ 3.) This conclusory allegation does not address the deficiencies the Court identified in its prior opinion. *See Anderson*, 878 F. Supp. 2d at 935-36 ("[E]ven assuming that the Bishop misrepresented or concealed material facts, Anderson has not alleged facts establishing reasonable and detrimental reliance on his part.") The remainder of the proposed amended paragraphs are equally conclusory and unsupported. Because Anderson has not clearly established any newly discovered evidence or manifest errors of law, *Harrington*, 433 F.3d at 546, nor any of the circumstances identified in Rule 60(b)(1), *Russell*, 51 F.3d at 749, the Court has no grounds upon which to reconsider its previous judgment or allow Anderson to file an amended complaint.

### CONCLUSION

Although the Court remains sympathetic to Anderson's claims, he has failed, throughout two motions and six reply briefs, to provide the Court a reason to reconsider its earlier decision. Accordingly, Anderson's motions to reconsider (R. 45, R. 46) are DENIED.

ENTERED: ⟋⟋⟋⟋⟋

**Judge Ruben Castillo**
**United States District Court**

**Dated: March 19, 2013**

14